# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE MAZYCK, #190-303 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-11-557 |
| WARDEN KATHLEEN GREEN and JOE CUMMONS | * | |
| | * | |
| Defendants | | |
| | *** | |

## **MEMORANDUM**

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 23. Plaintiff Andre Mazyck ("Mazyck") opposes the motion. ECF Nos. 25 and 26. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011).

### Background

On August 26, 2009, Mazyck's security level was increased from minimum to medium based on allegedly false information in his prison base file. ECF No. 1 at 4. The file stated that Mazyck was in possession of nine homemade weapons when he was confined at the Maryland Correctional Institution Hagerstown ("MCIH"). Mazyck was suspected of being involved with weapons found in his cell by staff at MCIH and on June 12, 2009, and was assigned to administrative segregation pending an investigation into his involvement. Id. Att. 1 at 4. A classification team at Eastern Correctional Institution ("ECI") where Mazyck had been transferred, cited the report in support of its decision to override Mazyck's classification score and increase his security to medium. Id. at 1. Mazyck is scheduled for a parole rehearing in

March of 2012, and asserts that this allegedly false information will adversely affect his chances for parole.

Mazyck challenged the decision to increase his security by filing a complaint with the Inmate Grievance Office ("IGO"). Id. Att. 1, at 3–9. The IGO concluded that the actions of ECI staff in overriding the security reclassification were not arbitrary and capricious or inconsistent with the law. Id. at 8. The administrative law judge found that the override was properly supported, as staff deemed Mazyck to be a risk to the security of the institution based on his history. Id. In addition, Mazyck's due process claim was rejected based on the Supreme Court's holding in Meachum v. Fano, 427 U.S. 215 (1976). Id.

Mazyck appealed the IGO decision to the Circuit Court for Somerset County. Although the IGO decision was affirmed by that court, counsel for the Department of Public Safety and Correctional Services ("DPSCS") provided assurance to the presiding judge, the Honorable Daniel M. Long, that all references to the nine weapons found in Mazyck's cell were redacted from his base file. Id. 1 Att. 1, at 11–13. There is no indication as to why the information was removed other than Mazyck's assertion that he was cleared of any wrongdoing.

Defendants explain that Judge Long ordered all inconsistencies[1] removed from Mazyck's file concerning the weapons found in his cell. After Mazyck complained to the court that the information was not removed, it was clarified by counsel that Mazyck's file would still note that the investigation conducted by Division of Correction personnel indicated the nine weapons were being held for Mazyck. ECF No. 23 Ex. 1b.

Defendants further assert that Mazyck was charged in an unrelated incident at ECI on December 1, 2009, in which he was accused of threatening a correctional officer who had

---

[1] The inconsistency is that the weapons were not found in Mazyck's bunk, but in another inmate's bunk. ECF No. 23 Ex. 2 at 2.

2

ordered him to secure his cell door. ECF No. 23 Ex. 3a. Mazyck was reported to say to the officer, "I take people like you in blue hostage. That's the difference between an inmate and a convict, and I'm a convict." Id. Mazyck was found guilty and given 90 days disciplinary segregation. Mazyck's efforts to overturn the adjustment conviction through the IGO were unsuccessful. Id. Ex. 3b and 3d.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal

3

quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

"[I]n certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). To determine the information was relied upon to a constitutionally significant degree, this Court must consider both the nature of the adverse administrative decision made on the basis of the erroneous information and the nature of the false information. Id. If the erroneous information is relied upon to deny parole or diminution of confinement credits, a "conditional liberty interest is at stake and the due process clause is called into play." Id. "If the alleged error is a technical one which would not reasonably be a factor relied on in the decision-making process, then no claim for relief will lie." Id.

In the instant case, Mazyck claims the erroneous information was relied upon to his detriment when he was moved from minimum to medium security, jeopardizing his chances to be granted parole in March of 2012. This issue was not addressed in the decision by the IGO and is not barred by principles of res judicata or the Rooker-Feldman[2] doctrine as Defendants assert. The claim, however, fails for other reasons.

First, the erroneous information, that the nine weapons were found in Mazyck's cell, was in fact expunged from his record. The information that remains, that there was reason to believe that the weapons were being held for Mazyck, is damaging but is not erroneous. Secondly, the interest asserted is a conditional liberty interest in parole not yet granted. It is debatable whether

---

[2] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482,(1983); Rooker v. Fidelity Trust Co., 263 See 413, 416 (1923).

4

such an interest is enough to invoke the protections of the due process clause. See Wilkinson v. Austin, 545 U.S. 209, 221–22 (2005) (holding a liberty interest exists where transfer to super maximum prison meant no possibility of parole during tenure there); cf. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 15 (1979) (finding no constitutional or inherent right of a convicted person to be released on parole before the expiration of a valid sentence). In the instant case, Mazyck cannot establish that his chances at parole have been nullified by the erroneous information; the information that remains in the report, which is true but damaging, is equally likely to weigh against the decision to release him on parole. In addition, he is unable to establish that "but for" the erroneous information he would be granted parole in light of his subsequent disciplinary infraction for threatening to take a correctional officer hostage.

## Conclusion

Having concluded that Mazyck cannot establish a deprivation of his constitutional rights, Defendants are entitled to summary judgment in their favor. A separate Order follows.

December 9, 2011                                /s/
                                               _____
                                               Benson Everett Legg
                                               United States District Judge